## Case No. 1,828.

### BREEDEN v. LEE et al.

[2 Hughes, 484.][2]

#### Circuit Court, E. D. Virginia. Sept. 15, 1877.

CIRCUIT COURT—JURISDICTION — INJUNCTION—RESTRAINING PROCEEDINGS IN STATE COURTS.

1. Where property held and claimed by a non-resident of Virginia is levied on by a sheriff under an execution from a court of Virginia issued upon a judgment against another person, a United States court of equity may enjoin, and is not bound by the ruling in Randolph v. Randolph, 6 Rand. [Va.] 198.

2. The principle of Cropper v. Coburn [Case No. 3,416] applied, that though the law of a state has provided for relief at law in the state courts, which equity alone could previously have given as between citizens of the state, this does not affect the equitable jurisdiction of the

[1] [Nowhere more fully reported. The notes of the case are here reprinted from Abb. Shipp. 156, 160, note.]

[2] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

United States courts to grant the equitable relief.

[See Hay v. Alexandria & W. R. Co., Case No. 6,354; Gordon v. Hobart, Id. 5,609; Mezes v. Greer, Id. 9,520; Mayer v. Foulkrod, Id. 9,341; Benn v. Smith, Id. 1,174; Loring v. Downer, Id. 8,513.]

In equity. Bill of injunction. The bill is brought by William H. Breeden, a citizen of the state of New York, against the defendants [A. S. Lee, R. T. Thorpe, and J. M. Sloane], citizens of Virginia. The bill sets forth than the defendants obtained a judgment in the circuit court of Mecklenburg county, Virginia, against William Reed and Elizabeth N. Reed, his wife, at its June term, 1877, for some $600, and interest; that execution was issued upon the said judgment; that, under the direction of the defendants to this bill (plaintiffs in the judgment), the sheriff of said county had levied upon and was about to sell a large amount of the property of the complainant, enumerating it, consisting of live stock, farming utensils, and household and kitchen furniture, constituting all of the personalty to be found upon the complainant's large farm of 2,000 acres, situated in the said county of Mecklenburg; and also of a ferry-boat, used at a public ferry, attached to the said farm, over the Roanoke river. It alleges that the said farm and also all of the said property had been leased by complainant to a tenant, John R. Boyd, with guarantee of quiet and peaceable possession, and that said Boyd had sublet portions of the said farm to various tenants, with the right to use certain of the live stock and farming utensils in their farming work. It alleges that the use of said live stock and other personalty thus leased to Boyd was necessary to the cultivation of the farm, especially to the cultivation and gathering of the crops now growing on the said farm, and to the putting in of new and additional crops by the fall tenants; and that the sale of such live stock and farming and household property would suspend all operations on the farm and produce a needless and unwarranted sacrifice of property, which could not be compensated in damages obtained in any suit brought to recover them; and that the complainant was without adequate and complete remedy at law to prevent or obtain redress for the injury he would suffer from the threatened action of the said sheriff. The bill sets forth that not only is he a resident of New York, at a great distance from said farm, but that he is a stranger in the said county, without a single responsible acquaintance in the said county upon whom he could call to join him in a suspending bond to try the right of property in the personalty levied on by the said sheriff. He therefore prays an injunction, and on the 23d day of August moved for an immediate restraining order, restraining the said sheriff from selling the said personalty until the motion for a preliminary injunction could be heard. An order was granted, under

section 718, Rev. St. U. S., on the day mentioned, restraining the sheriff as moved, and requiring the defendants in the bill and the sheriff to show cause at Richmond on the 15th September, 1877, why a preliminary injunction should not be granted until the further order of the court at its fall term in October. Bond was required of complainant, or some one for him, in the sum of $750. On the said 15th September, 1877, the rule to show cause was heard, on the bill and exhibits filed therewith and on the answer of the defendants. The exhibits filed show a prima facie right of property in the articles levied on to be in Breeden, the complainant, derived by bill of sale in August, 1876, from William Reed and Elizabeth N. Reed, his wife, and recorded in the county court clerk's office of Mecklenburg county in August, 1876, a year before the levy.

The answer of the defendants to the bill, who were plaintiffs in the execution upon which the levy was made, contains a demurrer to the bill and makes no other defences, except such as are stated and considered by the court in the following decision:

HUGHES, District Judge. The ground of the demurrer of the defendants to the bill is, that under the laws of Virginia the complainant had complete and adequate remedy at law, and that therefore equity had not of right any proper jurisdiction in the premises. The remedies at law relied upon by the demurrants are: First, that not only is the sheriff bound in his official bond by his action, but that, under the Virginia Code of 1873, c. 149, § 4, p. 1020, the complainant might require the sheriff before selling to demand of the defendants an indemnifying bond to cover the value of the property about to be sold under execution; and second, that under the provisions of the said Code, c. 149, §§ 6 and 7, p. 1021, and c. 185, §§ 2, 3, 5, 6, and 7, pp. 1184, 1185, complainant might give a suspending bond and obtain possession of the personalty levied on, until the right of property in the personalty should be determined by the state court in which defendants in the bill obtained their judgment against Reed and wife. As to the first proposition, it is evident, prima facie, that the seizure of the whole of defendant's live stock and farming utensils at this time of year is likely to produce damages far beyond any probable compensation which plaintiff might recover in an action at law. The objection might be good if only one or a few animals or utensils were levied on, but it cannot be sustained by a court of equity where the whole outfit of a large plantation is taken by the sheriff. At least at the present season of the year the complainant is entitled to the personalty constituting the working outfit of his farm in specie, and should not be put to a tardy, tedious, and expensive action for damages

on an indemnifying bond. As to the second proposition of the defendants, an examination of the provisions of the Virginia Code will show that the trial of the right of property between the parties provided for in cases where suspending bonds are given is summary in the extreme. The mere return to the clerk's office of the suspending bond, such as the complainant is allowed to give for the temporary redemption of his property, makes it stand as a judgment against him, which may in the most summary way be enforced on notice. Now, the right of a non-resident of a state to try such right of property as the complainant claims to have in this case, in a court of the United States, on plenary proceedings, is a constitutional right. And it would be a mockery of this right for this court to turn him away and say to him that he has a right to redeem his property under the state law, and to have his right of property summarily determined in a state court. This very question was fully considered and decided by Mr. Justice Curtis in the first judicial circuit, in the case of Cropper v. Coburn [Case No. 3,416]. The point must be considered as settled, both on principle and authority, that "though the law of a state has provided for relief at law in the state courts, which equity alone could previously have given as between citizens of the state, this does not affect the equitable jurisdiction of the courts of the United States to grant the equitable relief."

It is true that under the legislation and judicial decisions of the state of Virginia, the right of a person holding property which a sheriff is instructed to levy on, to resort to a court of equity for protection by injunction has been very much limited, if not entirely destroyed; but no such local legislation can affect the equitable powers or the jurisdiction of the United States circuit courts; for these have still, except in the slight particulars in which it may have been modified by act of congress, the jurisdiction and powers which belonged to the English high court of chancery at the time of the adoption of the constitution of the United States. State legislation has nowhere and can nowhere affect this jurisdiction. Nor can it be affected except through and by virtue of some act of congress, and congress has been noticeably abstinent in enacting legislation affecting the equity jurisdiction of the circuit courts.

The right to sue in a United States court of chancery is one of those rights with which the complainant was not supplied in the provisions of the state code, which are relied upon as affording complete and adequate remedy at law; and his right not to be deprived of his property except by due process of law was a constitutional right which was not supplied him by the local code. I might specify still other particulars in which his remedy at law in this case was inade-

quate and incomplete, but it is unnecessary. The defendants' demurrer must be overruled, the preliminary injunction prayed for by the plaintiff awarded, and the cause must be left to mature at rules for hearing on its merits at the fall term of the court.

NOTE [from original report]. These principles have been settled in Boyle v. Zacharie, 6 Pet. [31 U. S.] 648; Russell v. Southard, 12 How. [53 U. S.] 139; Livingston v. Story, 9 Pet. [34 U. S.] 632; Neves v. Scott, 13 How. [54 U. S.] 268; Pennsylvania v. Wheeling & B. Bridge Co., 13 How. [54 U. S.] 519; Noonan v. Lee, 2 Black [67 U. S.] 499; Thompson v. Railroad Cos., 6 Wall. [73 U. S.] 134. See, also, 3 Munf. 559, and Randolph v. Randolph, 6 Rand. [Va.] 198.